UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| JOSHUA EICHELBERGER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:22-CV-00105-JRG-CRW |
| SULLIVAN COUNTY SHERIFF'S OFFICE, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner housed at the Sullivan County Detention Center, has filed a pro se civil rights action under 42 U.S.C. § 1983 against the Sullivan County Sheriff's Office [Doc. 1], and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court will grant Plaintiff's motion, dismiss Defendant Sullivan County Sheriff's Office, dismiss certain claims, and allow Plaintiff an opportunity to file an amended complaint.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion [Doc. 4] that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk also will be **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Plaintiff's Allegations

Plaintiff was booked into the Sullivan County Detention Center on March 6, 2020, and for the first month and a half, he was forced to sleep on the floor due to overcrowding [Doc. 1 at 4]. Plaintiff contends that the guards "speak to [inmates] like dogs" while cursing and threatening them [*Id.*]. Plaintiff maintains he is confined to a wheelchair, and that "they come in and take it" for days sometimes before it is returned [*Id.*]. While Plaintiff's wheelchair was confiscated by detention center personnel, he urinated and defecated on himself [*Id.*].

Aggrieved, Plaintiff seeks monetary damages and asks the Court to order Defendant to "fix the conditions of the facility" [*Id.* at 5].

### B. Screening Standards

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to

2

survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings filed in civil rights cases and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**C.     Analysis**

First, Plaintiff has named the Sullivan County Sheriff's Office as the sole liable party in this action. However, a sheriff's office is not a "person" subject to liability under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983.") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Therefore, the Sullivan County Sheriff's Office must be dismissed.

Second, Plaintiff's claim that he was forced to sleep on the floor for a lengthy period of time in March-April 2020 is barred by the applicable statute of limitations. In § 1983 actions,

federal district courts apply the State's statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Tennessee, that period is one year. *See Tenn. Code Ann*. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). When the statute begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs*., 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable, s*ee Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)), or when the cause of action is complete. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1162 (6th Cir. 2021) (acknowledging that the "standard" rule starting limitations period is "when the plaintiff has a complete and present cause of action").

The injury forming the basis of Plaintiff's conditions-of-confinement claim was complete in 2020, yet he did not file the instant action until August 2022 [Doc. 1 at 5]. Accordingly, any claims related to Plaintiff's sleeping conditions in 2020 are barred by the relevant statute of limitations and must be dismissed.

Third, Plaintiff's claim that officers are rude, threatening, or demeaning in their speech to inmates suggests behavior that is unprofessional and unnecessary, but it does not raise a claim of constitutional proportions. See *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987) (finding allegations of verbal harassment or threats by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment). This claim must be dismissed.

Finally, the Court considers Plaintiff's claim that "they" come in and take his wheelchair from him for days at a time, leaving him immobile and unable to tend to his own hygienic needs

4

[*Id*. at 4]. These allegations lack sufficient factual support to state a plausible claim against an identifiable Defendant. However, the Court finds that Plaintiff may be able to state a plausible constitutional claim with regard to these allegations if he is provided an additional opportunity to identify the appropriate Defendant(s) and support these conclusory statements with factual enhancement. *See, e.g., Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a § 1983 claim).

Accordingly, the Court will allow Plaintiff an opportunity to file an amended complaint that identifies the person(s) responsible for taking his wheelchair and the specific factual basis supporting that Defendant's liability. Plaintiff should not make legal arguments as to any Defendant's liability or address any claim dismissed by this Order, but rather, he should advise the Court of the facts — the who, what, when, where, why, and how — surrounding his claim.

Therefore, if Plaintiff wishes to proceed with this litigation, he is **ORDERED** to file within fourteen (14) days of entry of this Order a single, comprehensive complaint that sets forth the following in concise language: the name(s) of each Defendant, the constitutional claim(s) for relief attributable to that Defendant, the factual allegations supporting each claim, and the injuries (if any) suffered by Plaintiff.

Plaintiff is **NOTIFIED** that if he does not file the amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to state a claim upon which relief may be granted.

Plaintiff is **NOTIFIED** that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings. The Clerk is **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any further amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to further amend or supplement the complaint and/or motions filed before the Court has completed this screening.

### III. CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. Plaintiff cannot maintain suit against the Sullivan County Sheriff's Office, and it is **DISMISSED** from this action;

5. Plaintiff's complaint regarding his sleeping arrangements in March 2020 is **DISMISSED** as time barred, and his allegation that officers harass and demean inmates is **DISMISSED** for failure to raise a constitutional issue;

6. Plaintiff shall have fourteen (14) days from entry of this Order to submit an amended complaint in accordance with the directives above. The Clerk is **DIRECTED** to send Plaintiff a § 1983 form for this purpose;

7. If Plaintiff fails to timely submit an amended complaint, this action will be dismissed for failure to state a claim upon which § 1983 relief may be granted; and

8. Plaintiff must immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

            s/J. RONNIE GREER
            UNITED STATES DISTRICT JUDGE